ANDREW M. MORSE (4498)
SCOTT YOUNG (10695)
SNOW, CHRISTENSEN & MARTINEAU
10 Exchange Place
P.O. Box 45000
Salt Lake City, Utah 84145-5000
Telephone: (801) 521-9000
Fax: (801) 363-0400
*Attorneys for Defendants*
amm@scmlaw.com
sy@scmlaw.com

---

**IN THE UNITED STATES DISTRICT COURT, DISTRICT OF UTAH**

**CENTRAL DIVISION**

---

| | | |
|---|---|---|
| MEDREPRO, LLC; SCOTT PATRICK CARSON,<br><br>Plaintiffs,<br>v.<br><br>ALMA LASERS, INC.; JASON MCCLAIN; and DAVID MANNING,<br><br>Defendants. | ) | **DEFENDANTS' ANSWER AND JURY DEMAND**<br><br>Case No. 2:17CV00557-TC<br><br>Judge Tena Campbell |

---

Defendants Alma Lasers, Inc., Jason McClain, and David Manning, by and through counsel, answer Plaintiffs' Complaint as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

Defendants answer the specific allegations in the Complaint as follows:

1. Deny allegations in Paragraphs 1-2 for lack of information or belief.

2. Admit the allegations in Paragraphs 3-6.

3. Paragraph 7 in the Complaint incorporates by reference each of the preceding paragraphs and, therefore, requires no response. To the extent a response is required, Defendants incorporate their responses to these preceding paragraphs set forth above.

4. Admit the allegation in Paragraph 8 that MedRepPro is a purchaser and distributor of used medical laser systems. Deny all other allegations in this paragraph.

5. Admit the allegations in Paragraph 9.

6. Admit the allegation in Paragraph 10 that Jason McClain is a sales representative for Alma Lasers. Deny all other allegations in this paragraph.

7. Admit the allegations in Paragraph 11.

8. Deny the allegations in Paragraph 12.

9. Admit the allegations in Paragraph 13-14.

10. Deny the allegations in Paragraphs 15-18.

11. Admit the allegations in Paragraph 19.

12. Admit the allegations in Paragraph 20.

13. Admit the allegation in Paragraph 21 that "[w]hen Alma Lasers sells a new medical laser system, it often facilitates Plaintiffs' purchase of the customer's used or existing medical laser system." Deny all other allegations in this paragraph.

14. Deny the allegations in Paragraph 22-29.

15. Deny the allegations in Paragraph 30-34 for lack of information or belief.

16. Admit that the email quoted in Paragraph 33 is quoted correctly. Deny all other allegations in this paragraph.

17. Admit the allegation in Paragraph 34 that the email quoted in Paragraph 33 was sent by Jason McClain. Deny all other allegations in this paragraph.

18. Deny the allegations in Paragraph 35-45.

19. Paragraph 46 in the Complaint incorporates by reference each of the preceding paragraphs and, therefore, requires no response. To the extent a response is required, Defendants incorporate their responses to these preceding paragraphs set forth above.

20. Deny the allegations in Paragraphs 47-64 for lack of information or belief.

21. Paragraph 65 in the Complaint incorporates by reference each of the preceding paragraphs and, therefore, requires no response. To the extent a response is required, Defendants incorporate their responses to these preceding paragraphs set forth above.

22. Deny the allegations in Paragraphs 66-71 for lack of information or belief.

23. Paragraph 72 in the Complaint incorporates by reference each of the preceding paragraphs and, therefore, requires no response. To the extent a response is required, Defendants incorporate their responses to these preceding paragraphs set forth above.

24. Deny the allegations in Paragraphs 73-78 for lack of information or belief.

25. Paragraph 79 in the Complaint incorporates by reference each of the preceding paragraphs and, therefore, requires no response. To the extent a response is required, Defendants incorporate their responses to these preceding paragraphs set forth above.

26. Deny the allegations in Paragraphs 80-87 for lack of information or belief.

27. Deny any paragraph and/or allegation not specifically admitted herein.

28. Deny that Plaintiff is entitled to the relief requested in her Prayer for Relief.

**THIRD DEFENSE**

Plaintiffs' claims are barred because they lack standing.

**FOURTH DEFENSE**

Plaintiffs' claims are barred by the applicable statute of limitations.

**FIFTH DEFENSE**

Plaintiffs' claims are barred by the doctrines of release, waiver, offset, recoupment, accord and satisfaction, and consent.

**SIXTH DEFENSE**

The allegedly defamatory statements were true.

**SEVENTH DEFENSE**

The allegedly defamatory statements were merely statements of opinion.

**EIGHTH DEFENSE**

The allegedly defamatory statements have been retracted.

**NINTH DEFENSE**

The allegedly defamatory statements have not been published.

**TENTH DEFENSE**

The allegedly defamatory statements have not caused any injury to Plaintiffs.

**ELEVENTH DEFENSE**

Plaintiffs' actions violated applicable rules, regulations, policies, law, procedures, contractual obligations, and/or standards of behavior. The actions of Defendants were in response to Plaintiffs' actions, and, therefore, were reasonable and justified under the circumstances.

**TWELFTH DEFENSE**

All acts or omissions of Defendants were undertaken in good faith, without malice, and were fully justified and reasonable under the circumstances.

**THIRTEENTH DEFENSE**

Any damage sustained by Plaintiffs was solely caused by the culpable conduct of persons or entities other than Defendants.

**FOURTEENTH DEFENSE**

Any damage sustained by Plaintiffs was solely caused or proximately contributed to by the culpable conduct of Plaintiffs.

**FIFTEENTH DEFENSE**

Plaintiffs' damages, if any, were caused by an independent intervening or superseding cause.

**SIXTEENTH DEFENSE**

Plaintiffs' claims would result in their unjust enrichment.

**SEVENTEENTH DEFENSE**

Plaintiffs' have failed to mitigate their damages, if any. Plaintiffs are therefore barred, in whole or in part, from recovering monetary damages from Defendants.

**EIGHTEENTH DEFENSE**

The damages alleged in the Complaint, if any, were proximately caused by the acts or omissions of persons, entities, and/or instrumentalities other than Defendants, and over which Defendants had no control. If there is a verdict in favor of Plaintiffs, there should be apportionment of damages, if any, according to Defendants' pro rata fault, if any, and to the extent Defendants

are entitled to partial indemnity from others or on a comparative fault basis pursuant to Utah Code Ann. § 78B-8-818 et. seq.

**NINETEENTH DEFENSE**

Plaintiff's claims are barred by the doctrines of unclean hands and/or laches, estoppel, acquiescence, and ratification.

**TWENTIETH DEFENSE**

Plaintiffs cannot obtain equitable relief because Plaintiffs have an adequate remedy at law and Plaintiffs' Complaint fails to demonstrate the inadequacy of legal relief. Plaintiffs are not entitled to equitable relief because any alleged injury to Plaintiffs are not immediate or irreparable, Plaintiffs are not likely to succeed on the merits, and Plaintiffs have an adequate remedy at law.

**TWENTY-FIRST DEFENSE**

The equitable relief requested by Plaintiffs would violate Defendants' First Amendment rights.

**TWENTY-SECOND DEFENSE**

Plaintiffs' claims against Defendants are without merit and not asserted in good faith. Defendants are, therefore, entitled to recover their costs and attorneys' fees in defending this action pursuant to Utah Code Ann. § 78B-5-825 and the Agreement.

**TWENTY-THIRD DEFENSE**

Punitive damages in this case are prohibited by the United States and Utah Constitutions, including, but not limited to, the following provisions: (1) The Due Process clauses (including substantive and procedural due process) of the Fifth and Fourteenth Amendments to the United States Constitution, and Article I, § 7 of the Utah Constitution; (2) The Taking clauses of the

Fifth and Fourteenth Amendments to the United States Constitution, and Article I, § 22 of the Utah Constitution; (3) The Equal Protection clauses of the Fourteenth Amendment to the United States Constitution, and Article I, § 24 of the Utah Constitution; (4) The prohibitions against excessive fines and punishments contained in the Eighth Amendment to the United States Constitution and Article I, § 9 of the Utah Constitution; (5) The rights given accused persons by the Fifth and Sixth Amendments to the United States Constitution and Article I, §§ 12, 13 of the Utah Constitution; (7) The prohibition of ex post facto laws contained in Article I, § 18 of the Utah Constitution; and (8) The Open Courts provision, Article I, § 11 of the Utah Constitution.

**TWENTY-FOURTH DEFENSE**

Punitive damage are prohibited in this case because the standards of conduct and standards for awarding punitive damages are vague and ambiguous; Plaintiffs seek to punish Defendants for the acts of another; Defendants will be treated differently based upon wealth or municipal affiliation; Defendants may be repeatedly punished for the same conduct; Defendants have not been given the same protections and guarantees as criminal defendants, such as protection from self-incrimination, jury trial in the location of the alleged wrongful conduct, charge upon adequately detailed information, proof beyond a reasonable doubt, etc.; this court has no power or jurisdiction to assess criminal penalties for alleged violation of federal statute or regulation; the state's power to punish is not invoked for the purpose of serving the public good, nor is it controlled by prosecutorial discretion, rather, the state's power is invoked, unchecked, for the private purpose of retribution and greed; and the threat of punishment will be used to chill Defendants' access to open courts and extort a favorable civil resolution. At a minimum, Defendants must be given the protections and guarantees of an accused under criminal law.

**TWENTY-FIFTH DEFENSE**

Defendants expressly reserve the right to amend their answer and add additional affirmative defenses.

WHEREFORE, having fully responded to the allegations in Plaintiffs' Complaint, Defendants respectfully request that the Court dismiss Plaintiff's Complaint, that Plaintiff take nothing thereby, and that the Court order Plaintiff to pay Defendants' costs and attorneys' fees pursuant to Utah Code Ann. § 78B-5-825 and the Agreement.

**JURY DEMAND**

Defendants respectfully request a jury trial and have submitted the appropriate fee.

Dated this 6th day of July, 2017.

SNOW, CHRISTENSEN & MARTINEAU

/s/ Scott Young

Andrew M. Morse
Scott Young
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of July, 2017, I caused to be served the foregoing to Federal Court to the following parties by e-filing the same on the PACER system.

Eric Lee
Hogan Lee Hutchinson
1225 Deer Valley Drive, Suite 201
Park City, Utah 84060

*Attorneys for Plaintiffs*

/s/ Kathy Pickett

4840-2071-1242, v. 1