Eric P. Lee (USB 4870)
Justin J. Keys (USB 13774)
HOGGAN LEE HUTCHINSON
1225 Deer Valley Drive, Suite 201
Park City, Utah 84060
Telephone: (435) 615-2264
*Attorneys for Plaintiffs MedRepPro, LLC & Scott Patrick Carson*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| MEDREPPRO, LLC; and SCOTT PATRICK CARSON,<br><br>      Plaintiffs,<br>v.<br><br>ALMA LASERS, INC.; JASON MCCLAIN; and DAVID MANNING,<br><br>      Defendants. | **ATTORNEY'S PLANNING MEETING REPORT**<br><br><br>Case No. 2:17-CV-00557<br><br>District Judge Campbell |

1.  **PRELIMINARY MATTERS**:

    a.  The nature of the claims and affirmative defenses is set forth in the Complaint, and Answer.

    b.  This case is not referred to a magistrate judge.

    c.  Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on October 2, 2017, via telephone conference initiated from the offices of Hoggan Lee Hutchison. The following attended:

          (i) Justin Keys, counsel for MedRepPro, LLC and Scott Carson.

          (ii) Scott Young, counsel for Alma Lasers, Inc., Jason McClain, and David Manning.

    d.  An initial pretrial conference is scheduled for October 4, 2017, before the Honorable Judge Furse. An initial pretrial conference is not necessary in light of the parties' meeting and stipulated proposed scheduling order.

e. Plaintiffs will serve their initial disclosures required by Rule 26(a)(1) by 10/20/17. Defendants will serve their initial disclosures required by Rule 26(a)(1) by 10/27/17.

f. Pursuant to Fed. R. Civ. P. 5(b)(2)(D), the parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by either (i) notice of electronic filing, or (ii) e-mail transmission. Such electronic service will constitute service and notice of entry as required by those rules. Any right to service by USPS mail is waived.

2. **DISCOVERY PLAN**: The parties jointly propose to the court the following discovery plan: *Use separate paragraphs or subparagraphs as necessary **if the parties disagree.***

a. Discovery is necessary on the following subjects: All remaining claims and defenses set forth in the pleadings.

b. Discovery Phases. Discovery will not be conducted in any certain phase. Neither party will propound written discovery until it has propounded its initial disclosures.

c. Designate the discovery methods to be used and the limitations to be imposed.

    (1) Oral Exam Depositions

        Plaintiff  10

        Defendant 10

        Maximum no. hrs. per deposition 7

    (2) *For interrogatories, requests for admissions, and requests for production of documents, specify the maximum number that will be served on any party by any other party.*

        Interrogatories  25

        Admissions  25

        Requests for production of documents  25

    (3) Other discovery methods: Rule 34(a)(2) inspections, if requested.

d. Discovery of electronically stored information should be handled as follows: Any issues relating to electronically stored information shall be addressed by separate stipulation and/or order.

e. The parties have agreed to an order regarding claims of privilege or protection as trial preparation material asserted after production, as follows: The parties agree

to follow the procedures regarding inadvertent production of privileged material set forth in Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502(b).

    f.      Last day to file written discovery and last day to file standard motions to compel 06/01/18

    g.      Close of fact discovery      07/01/18

    h.      *(optional)* Final date for supplementation of disclosures under Rule 26 (a)(3) and of discovery under Rule 26 (e): As provided by rule.

**3.**    **AMENDMENT OF PLEADINGS AND ADDITION OF PARTIES**:

    a.      The cutoff dates for filing a motion to amend pleadings are: *specify date*

        Plaintiff(s) 05/01/2018     Defendant(s) 05/01/2018

    b.      The cutoff dates for filing a motion to join additional parties are: *specify date*

        Plaintiff(s) 05/01/2018     Defendants(s) 05/01/2018

        ***(NOTE: Establishing cutoff dates for filing motions does not relieve counsel from the requirements of Fed.R.Civ.P. 15(a)).***

**4.**    **EXPERT REPORTS**:

Reports from experts under Rule 26(a)(2) will be submitted on: *specify dates*

        Parties bearing burden of proof 08/31/2018

        Response 09/30/2018

**5.**    **OTHER DEADLINES**:

    a.      Expert discovery cutoff:  12/01/2018

    b.      Deadline for filing dispositive[1] or potentially dispositive motions including motions to exclude experts where expert testimony is required to prove the case. 01/31/2019.

    c.      Deadline for filing partial or complete motions to exclude expert testimony 02/28/2019.

**6.**    **ADR/SETTLEMENT**:

*Use separate paragraphs/subparagraphs as necessary if the parties disagree.*

    a.      The potential for resolution before trial is:  X good   ___ fair  __ poor

---

[1] Dispositive motions, if granted, affect the final resolution of the case; nondispositive motions, if granted, affect the case but do not dispose of it.

b.      This case should be referred to the court's alternative dispute resolution program for   arbitration: _____      mediation: _____

c.      The parties will likely engage in private alternative dispute resolution for arbitration or mediation.

d.      The parties will re-evaluate the case for settlement/ADR resolution on: 12/01/2018.

**7.    TRIAL AND PREPARATION FOR TRIAL:**

a.      The parties should have 3 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3) (if different than 14 days provided by Rule).

b.      This case should be ready for trial by: 03/01/2018

      *Specify type of trial*: Jury  X       Bench

c.      The estimated length of the trial is: <u>3</u>

_____/s/ Justin J. Keys_____     Date: 10/03/2017
Signature and typed name of Plaintiff(s) Attorney

_____/s/ Scott Young_____     Date: 10/03/2017
Signature and typed name of Defendant(s) Attorney